**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**FREDDIE SMITH**
And other similarly situated individuals,

Plaintiff(s),

v.

**JACK HOOD TRANSPORTATION**
a Foreign Profit Corporation

Defendant(s).
_______________________________________/

## COMPLAINT

Plaintiff **FREDDIE SMITH**, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant, JACK HOOD TRANSPORTATION, INC., a Foreign Profit Corporation, ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and Defendant's discrimination and termination of Plaintiff's employment in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes ("FCRA")..
2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.
3. Plaintiff was at all times relevant to this action, making deliveries in all South Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.
4. Defendant, JACK HOOD TRANSPORTATION, INC. a Foreign Profit Corporation, authorized to conduct business in the State of Florida, having one of the locations to

deliver goods at Port St. Lucie County, Florida where Plaintiff would make deliveries for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant at all times material hereto, carried on a business venture in all South Florida, and was engaged in substantial activity within this state and Port St. Lucie County.

6. The acts or omissions giving rise to this complaint occurred in whole or in part in Port St. Lucie County, Florida.

7. Defendant is accordingly an "employer" as defined by the FCRA.

8. Plaintiff alleges causes of action for race discrimination under the FCRA, as a result of the adverse treatment he experienced and as a result of his dismissal from employment with Defendant.

9. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), in May 27th, 2014, claiming discrimination based on race.

10. The Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue on January 26, 2016.

11. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

12. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff performed work for Defendants as a non-exempt employee from on or about January 2010, through on or about May 18, 2014.

14. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

15. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

16. Plaintiff, during relevant time period, from on or about January 2010, through on or about May 18, 2014, worked approximately nine (9) overtime hours each week for which he was not paid 1.5 times his regular rate as provided by the FLSA.

17. In or around 2012, Mr. Mitz Syler became the immediate Supervisor for Plaintiff.

18. Mr. Mitz Syler was a Supervisor with the authority to act on behalf of Defendant.

19. Mr. Mitz Syler engaged in a pattern of discrimination against Plaintiff as a result of his race.

20. In particular, a White employee who is a friend of Mr. Mitz Syler, was hired. Since then, the Plaintiff was singled out and discriminated by Mr. Syler.

21. The new White employee was given a Van that was assigned to the Plaintiff and was also paid more for the same job that the Plaintiff did.

22. Plaintiff was demoted to driving a vehicle that would pay less per night for deliveries with less hours of work.

23. Plaintiff employment terms and conditions were different from that of White employees.

24. Plaintiff had more experience and seniority at the job.

25. Plaintiff would report the discrimination he was suffering to one of the owners of the company, Mr. Chris Hood and Mr. Hood would only say: "if you don't like what is going on you can quit".

26. Plaintiff was terminated on May 18, 2014 after he got shot in one of his legs.

**COUNT I**

***Wage & Hour Federal Statutory Violation against***

***JACK HOOD TRANSPORTATION, INC.***

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

28. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

29. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

30. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

31. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

32. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

33. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

34. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

35. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
***RACE DISCRIMINATION UNDER THE FCRA***

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

37. Section 760.10 of the FCRA states in relevant part:

"(1) It is an unlawful employment practice for an employer:

> (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

38. The conduct to which Plaintiff was subjected by Mr. Mitz Syler was the direct and proximate result of Plaintiff's race.

39. Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

40. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's race was also a motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

41. As a result of the discriminatory conduct and discriminatory termination to which Plaintiff was subjected, Plaintiff has experienced and will continue to experience

significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, lost benefits, and compensatory damages.

42. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

43. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, lost benefits, as well as compensatory damages, punitive damages, and attorney's fees and costs as a result of Defendant's conduct in violation of the FCRA.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 2/26/16

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com